OPINION
{¶ 1} Defendant-appellant, Lawrence Mark Levine ("Lawrence"), appeals from the January 8, 2007 decision and entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, which ordered Lawrence to pay child support in the *Page 2 
amount of $7,500 per month, plus processing charges, effective August 21, 1998. For the following reasons, we affirm.
 {¶ 2} Lawrence and plaintiff-appellee, Terri Lynn Levine ("Terri"), were married on August 7, 1988, and they have two children. A decree of divorce terminated their marriage on November 22, 1996. Lawrence was ordered to pay $4,904.42 per month in child support.
 {¶ 3} The parties subsequently filed numerous motions. For purposes of this appeal, we focus on Terri's August 21, 1998 motion to modify child support, in which she asserted that there had been a significant change in Lawrence's income warranting a recalculation of child support. In January and February 2000, the magistrate held a hearing on this and other motions.
 {¶ 4} By decision dated February 28, 2001, the magistrate recommended, among other things, that child support be increased to $7,500 per month. The magistrate did not show worksheet calculations for 1997 and 1998, but determined that Lawrence's income had remained fairly consistent in 1997, 1998, and 1999. Based on her calculations using the child support worksheet for 1999, the magistrate determined that Lawrence would owe a total of $9,620.92 per month. The magistrate also determined, however, that the worksheet amount was unjust, inappropriate, and not in the best interest of the children. On this basis, the magistrate recommended a downward deviation in the amount of $2,120.92 per month for an adjusted child support award of $7,500 per month.
 {¶ 5} Lawrence filed objections to the magistrate's decision. In pertinent part, Lawrence argued that the magistrate erred in calculating the amount of child support *Page 3 
because she based the award on his 1999 income and did not consider his income in 1996, 1997, and 1998. The trial court overruled Lawrence's objections as to the magistrate's calculation of support.
 {¶ 6} As to the amount of support, the trial court performed its own calculations. Despite the magistrate's failure to use worksheet calculations for 1997 and 1998, the court nevertheless concluded that Lawrence's income for these three years was fairly consistent and that the magistrate's use of the 1999 income actually benefited Lawrence. Given this conclusion and the fact that the magistrate had deviated downward from the calculated amount, the trial court overruled Lawrence's objection based on the magistrate's reliance on 1999 calculations alone.
 {¶ 7} Lawrence appealed the trial court's decision to this court. SeeLevine v. Levine, Franklin App. No. 02AP-399, 2002-Ohio-7198. He raised four assignments of error, including the following: "`The trial court erred in calculating child support.'" Id. at ¶ 13. More specifically, Lawrence argued that the court had used incorrect income figures in its calculations, imputing bonus income to him retroactively and finding that loans and distributions were income.
 {¶ 8} In our December 24, 2002 decision, this court turned, first, to the language of R.C. 3113.215, as it existed at the time of the trial court's review. At that time, R.C. 3113.215 required the court to calculate child support obligations in accordance with the basic child support schedule and the applicable worksheet. See R.C. Ann. 3113.215 (Anderson 2000). The amount shown on the worksheet was then "rebuttably presumed to be the correct amount of child support due." R.C.3113.215(B)(1). In addition, where the parties' combined gross incomes exceeded $150,000, the court was required to *Page 4 
follow R.C. 3113.215(B)(2)(b), which required a calculation of the obligation using the applicable worksheet pursuant to a prescribed methodology. This court found that the trial court had not followed these statutory mandates. Specifically, this court concluded that neither the magistrate nor the trial court had completed worksheets for 1997 and 1998, as required by R.C. 3113.215.
 {¶ 9} Thereafter, this court rejected Lawrence's argument that the trial court erred in finding that shareholder loans and distributions were income. However, we agreed with Lawrence's argument that the court erred when it imputed bonus income to him, again concluding that the court had not complied with statutory mandates. We then concluded:
 For the foregoing reasons, we sustain [Lawrence's] first assignment of error. Upon remand, the trial court shall calculate a child support award in accordance with the mandatory provisions in R.C. 3113.215. To meet the statutory requirements, the trial court shall utilize child support worksheets. In completing the worksheets, the court shall calculate bonus income in accordance with R.C. 3113.215(B)(5).
Levine at ¶ 48.
 {¶ 10} We then overruled Lawrence's remaining assignments of error. Accordingly, we affirmed in part and reversed in part the trial court's decision. We concluded: "Upon remand, the trial court shall calculate and award child support in accordance with the procedures set forth in R.C. 3113.215." The Supreme Court of Ohio denied further review.Levine v. Levine, 98 Ohio St.3d 1540, 2003-Ohio-1946.
 {¶ 11} On remand, Lawrence moved for an evidentiary hearing. He specifically asked to present evidence of his repayment of shareholder loans. In response, the court referred the matter to the magistrate for determination. The court issued a *Page 5 
separate order directing the magistrate, pursuant to this court's remand, "to determine child support in accordance with R.C. 3113.215." We have gleaned from the record that the court thereafter met with counsel and instructed the parties to submit the issues to the magistrate in written briefs, including a proffer of any evidence the parties wanted the court to consider.
 {¶ 12} Lawrence submitted to the court proposed child support worksheets for the years 1998, 1999, 2000, January 1 to March 22, 2001, and March 23 to January 8, 2002. Terri filed a motion in limine to preclude Lawrence from introducing any additional evidence in support of a recalculation. Terri argued that to allow the submission of new evidence would exceed the scope of this court's remand.
 {¶ 13} On January 23, 2006, the magistrate issued a decision denying Lawrence's motion to submit additional evidence and granting Terri's motion to preclude that evidence. The magistrate concluded that new evidence was unnecessary as the remand required only new worksheets for 1997 and 1998, based on the original evidence.
 {¶ 14} The magistrate attached worksheets for 1997 and 1998 to her decision. She stated that she had incorporated the trial court's previous findings about the parties' income onto the worksheets, noting them with an asterisk. The decision also explained her inclusion of bonus income, interest and dividend income, rental income, distributions and loans (taking repayment into consideration), taxes, and insurance. Based on the worksheets alone, the magistrate calculated the following in child support: $9,620.92 (1999); $9,026.83 (1998); and $9,742 (1997). The magistrate then stated:
 The next step in the analysis is to determine if the amount of child support set forth in the worksheet calculations is unjust, *Page 6 
inappropriate and not in the best interest of the children. This step is applicable whether analyzing this matter under R.C. 3113.215(B)(2)(b), R.C. 3113.215(B)(3) or R.C. 3113.215(B)(6)(a). The following findings regarding deviation were made in the original decision.
 {¶ 15} The magistrate then recited, verbatim, her prior findings as to the factors and criteria identified in R.C. 3113.215(B)(3). Based on these factors, and considering all of the evidence, the magistrate concluded that the amount of child support calculated from the worksheets would be unjust, inappropriate, and not in the best interests of the children. Accordingly, the magistrate granted the following monthly downward deviations: $2,120.92 (1999); $1,526.85 (1998); $2,242 (1997). Based on these deviations, the magistrate set Lawrence's monthly child support obligation at $7,500, effective August 21, 1998.
 {¶ 16} Lawrence filed objections to the magistrate's decision, including an objection that the magistrate erred in altering the amount of the deviation originally ordered in the trial court's 2001 decision. On January 8, 2007, the trial court issued a decision and judgment entry. The trial court sustained Lawrence's objection with respect to whether his loan repayments were credited to the right year. Upon reaching Lawrence's objection with respect to the downward deviation, the trial court stated that the only basis for the remand "was for the preparation of a child support worksheet in compliance with [prior] ORC § 3113.215 because no worksheet had been completed that corresponded with the trial court[']s modifications to the income findings of the initial magistrate decision." (Emphasis sic.) (Bracketed material in original quote.) The court then recalculated the child support worksheet and concluded that "the guideline worksheet calculation" resulted in a monthly child support obligation of $8,140.33, plus *Page 7 
processing. The court also concluded that Lawrence's objection regarding the magistrate's annual variance in the deviation to be moot.
 {¶ 17} Once the trial court recalculated child support, the court considered the issue of deviation. Based on its prior findings, the court again concluded that support in the guideline amount would be unjust, inappropriate, and not in the best interests of the children. Accordingly, the court set Lawrence's monthly obligation at $7,500, plus processing, effective August 21, 1998.
 {¶ 18} Lawrence timely appealed the trial court's decision, and he raises the following assignment of error:
 The Trial Court Erred as a Matter of Law, and Abused its Discretion, in Failing to Adhere to the Law of this Case.
 {¶ 19} In support of this single assignment of error, Lawrence argues that, in 2001, the trial court applied a downward deviation of $2,120.90 to establish his child support obligation. Neither party appealed that deviation, this court did not discuss the deviation factors, and the issue was outside the scope of this court's remand. Thus, when the trial court applied a different deviation to establish his child support obligation on remand, the trial court violated the law of the case. We review this question of law de novo.
 {¶ 20} In Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3, the Supreme Court of Ohio explained the doctrine of law of the case, as follows:
 Briefly, the doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. * * *
 The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied *Page 8 
so as to achieve unjust results. * * * However, the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution. * * *
 {¶ 21} In practical terms, a trial court must follow the mandate of a reviewing court. Id. Thus, we return to this court's December 24, 2002 mandate. As we detailed above, we remanded the matter to the trial court to "calculate a child support award in accordance with the mandatory provisions in R.C. 3113.215." In doing so, we specifically directed the court to "utilize child support worksheets." Our mandate did not expressly preclude a new deviation determination, nor did it expressly allow it. We turn, then, to the statutory requirements we cited.
 {¶ 22} As this court's prior opinion stated, the "mandatory provisions in R.C. 3113.215" required the court to calculate support based on the annual worksheets. The resulting obligation amount would then be "rebuttably presumed" to be the appropriate amount of support to be awarded. However, R.C. 3113.215(B) allowed, just as it allows now, a deviation from the presumed amount if, after considering a list of statutory factors, the court determines that the presumed amount would be unjust, unreasonable or not in the best interests of the children.
 {¶ 23} In 2001, the magistrate made detailed findings of fact relating to the statutory factors. She considered, for example, financial obligations Lawrence has to his new wife and child, the financial contributions made by his new wife to their household, and his obligation to pay other expenses for his children with Terri, including any extraordary medical or dental expenses. The magistrate considered Terri's monthly budget, her desire to save money for each child's bar mitzvah, and her *Page 9 
comparatively low income. The magistrate also considered the financial needs of the children and their standard of living at each household. Based on these detailed findings of fact, the magistrate then made the legal conclusion that the calculated support obligation ($9,620.92) would not be fair, reasonable or in the best interests of the children and that a downward deviation of $2,120.92 was appropriate. The trial court adopted these findings and conclusions.
 {¶ 24} On remand, the trial court relied on the exact same findings of fact for determining whether a deviation was appropriate. Based on these factors, the court then made a legal conclusion that the new support obligation of $8,140.33, which it calculated using the worksheets we required on remand, would be unfair, unreasonable, and not in the best interests of the children. The court then imposed a downward deviation to reach a support obligation of $7,500.
 {¶ 25} Lawrence argues that the court should have imposed a downward deviation of $2,120.92 to the new income calculations. The dissent agrees. We find, however, that this argument ignores the purpose behind the downward deviation and the statutory framework in which it exists. The deviation does not occur in a vacuum. Rather, the deviation necessarily relates to and flows from the calculated support obligation. The whole purpose of the statutory factors is to consider whether that calculated obligation is fair, reasonable, and in the best interests of the children. Thus, if a remand requires a new support calculation, then it also requires a court to consider whether that new support calculation is fair and, perhaps, to make a different determination as to what deviation is appropriate. *Page 10 
 {¶ 26} From the record before us, it is not difficult to determine why the magistrate and the trial court kept arriving at a support obligation of $7,500 per month. As required under the statute, the magistrate considered the standard of living and circumstances of each parent and the standard of living the children would have enjoyed had the marriage continued. The magistrate found disparity between the households. Lawrence lives in an exclusive community in a home he purchased in 1997 for $600,000. He could afford a fulltime housekeeper and nanny, special-ordered furniture, an exclusive country club membership, and two Lexus automobiles. While Terri lives in the marital home (valued at $420,000) in an upscale neighborhood of New Albany, she "cannot afford the same day to day amenities [Lawrence] and his new family have." Her current budget was $7,020.93 per month, of which $5,215 was related to the children's needs. She expressed a desire to take the children on a nice vacation, replace their swing set and basketball court, and provide them a better standard of living. In the context of other statutory factors, the magistrate also noted Terri's desire to save money for each child's bar mitzvah and her need to make costly repairs to her home.
 {¶ 27} Taking all of these statutory factors into consideration, it was reasonable for the court to conclude that, given his other obligations, Lawrence should pay something less than the calculated support amount of $8-9,000, but that he should at least pay enough to meet Terri's monthly budgetary needs and a small cushion. Considering her monthly budget of just over $7,000 and her need to save for other future expenses, it was not unreasonable for the court to find that a support obligation of $7,500 was in the best interests of the children. By doing so, the trial court did not *Page 11 
simply change its mind about the statutory factors. Nor did the trial court go beyond this court's remand for a recalculation of child support in accordance with statutory requirements.
 {¶ 28} To support his contrary arguments, Lawrence offers Marino v.Marino (Aug. 3, 1999), Tuscarawas App. No. 1998AP110121. In that case, a magistrate initially calculated a monthly support obligation of $254.23 per child, but awarded a 27 percent deviation from that obligation because the children would be spending half of their time with the obligor. The trial court did not adopt the 27 percent deviation. The appellate court reversed and entered judgment in accordance with the magistrate's calculation. A year later, the support obligation was modified, but the appellate court again reversed and again entered judgment in accordance with the magistrate's original calculation. Two years later, the obligee requested another modification. The magistrate increased the support obligation and maintained the 27 percent deviation. However, the trial court again declined to include the deviation, and the obligor again appealed. The obligor argued that the trial court erred when it "canceled" his "pre-existing" 27 percent deviation, and the appellate court agreed.
 {¶ 29} In reversing the trial court's calculation of support, the appellate court relied on the law of the case doctrine. The court noted that it had entered judgment in accordance with the magistrate's original determinations, which included the deviation based on the amount of time the obligor's children spent with him. Because the record indicated that the shared parenting arrangement had not changed, the appellate court concluded that the law of the case doctrine required the trial court to include the preexisting deviation. *Page 12 
 {¶ 30} We do not find Marino to be helpful to our analysis, however. The Fifth District did not address the point we find critical here, i.e., the statutory framework. Nor did the appeal follow a remand for the purpose of recalculating child support in accordance with statutory requirements. Therefore, we find it distinguishable.
 {¶ 31} In conclusion, we reject Lawrence's argument that the law of the case precluded the trial court, on remand, from recalculating Lawrence's child support obligation based on the worksheets, applying the same factual findings regarding the need for a deviation from the calculated amount, imposing a different deviation amount, and ultimately imposing the same child support obligation. Accordingly, we overrule his assignment of error.
 {¶ 32} Having overruled Lawrence's only assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.
Judgment affirmed.
 McGRATH, P.J., concurs. WHITESIDE, J., dissents. WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.